IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT N. MORRIS                                                                                    PLAINTIFF

V.                                    NO. 2:16-cv-02176-PKH-MEF

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]                              DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Robert N. Morris, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act").  42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed his application for DIB on December 23, 2013, alleging disability beginning October 13, 2011, due to: back and ankle injuries; annular rent with protruding and bulging discs; sciatica; depression mood/anxiety disorder; degenerative disc disease in back and ankles; nerve root inflammation in back; joint disorder and lumbar disc disease; osteoarthritis; colitis/pancolitis;

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

and, pancreatitis.  (ECF No. 9, pp. 16, 183).  An administrative hearing was held on March 18, 2015, at which Plaintiff appeared with counsel and testified.  (ECF No. 9, pp. 28-58).

On April 16, 2015, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (ECF No. 9, pp. 13-23).  In this decision, the ALJ found Plaintiff last met the insured status requirements of the Act through December 31, 2013.  (ECF No. 9, p. 18, Finding 1).  The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since before October 12, 2011, his alleged onset date.  (ECF No. 9, p. 18, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: moderate lumbar degenerative disc disease, and occasional flares of irritable bowel syndrome without significant loss of weight.  (ECF No. 9, pp. 18-19, Finding 3).  Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings").  (ECF No. 9, pp. 19-20, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC").  (ECF No. 9, pp. 20-21, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform "the full range of light work as defined in 20 C.F.R. § 404.1567(b)."  *Id.*  The ALJ determined Plaintiff was unable to perform his Past Relevant Work ("PRW").  (ECF No. 12, pp. 21-22, Finding 6).  Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined Medical-Vocational Rule 202.21 directed a finding of "not disabled."  (ECF No. 12, p. 22, Finding 10).  The ALJ, therefore, determined Plaintiff had not been under a disability, as defined by the Act, from before October 13, 2011, Plaintiff's alleged onset date, through April 16, 2015, the date of the ALJ's decision.  (ECF No. 9, p. 22, Finding 11).

2

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied his request on May 19, 2016. (ECF No. 9, pp. 7-12). On July 21, 2016, Plaintiff filed the present appeal with this Court. (ECF No.1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 10, 11).

**II.  Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

3

techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

**III. Discussion:**

Plaintiff raises three issues on appeal: 1) the ALJ failed to fully and fairly develop the record; 2) the ALJ erred at step two of the sequential evaluation process by not performing the psychiatric review technique ("PRT"); and, 3) the ALJ's determination that Plaintiff is not disabled was not supported by substantial evidence, such as vocational expert testimony. (ECF No. 10). Because we find the ALJ was required to apply the PRT in his decision, this Report and Recommendation will solely address that issue for reversal and remand.

In addition to the five-step sequential evaluation process described above, the Commissioner is required to document the evaluation of alleged mental impairments using the PRT. 20 C.F.R. § 404.1520a(a). The PRT is mandatory when mental impairments are alleged.

4

*Id.* ("[W]hen we evaluate the severity of mental impairments . . . we must follow a special technique at each level in the administrative review process"). The Regulations specify the ALJ's responsibility as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4). The Eighth Circuit has determined that, "[a]lthough failure to complete the PRT may itself be reversible error, this court has left the door open to harmless-error analysis." *Cuthrell v. Astrue*, 702 F.3d 1114, 1118 (8th Cir. 2013).

In the present case, the ALJ did not analyze Plaintiff's allegations of disabling mental impairments or the objective medical evidence thereof. Plaintiff alleged disability due to, among other impairments, anxiety and depression. (ECF No. 9, pp. 44, 183). The non-examining state agency consultants determined Plaintiff's alleged anxiety disorder was a medically determinable impairment, although not severe, and completed the PRT at the initial and reconsideration levels. (ECF No. 9, pp. 82-83, 98-99). The record indicates Dr. Thinh D. Nguyen treated Plaintiff during the relevant period for depression and anxiety. (ECF No. 9, pp. 281-88). The ALJ's total failure to analyze or discuss Plaintiff's allegations of disabling mental impairments constitutes reversible error. The ALJ must determine whether Plaintiff's alleged mental impairments are medically determinable impairments within the Regulations. 20 C.F.R. § 404.1521. The PRT is mandatory under the Regulations, and the ALJ cannot ignore Plaintiff's allegations of mental impairment without employing the technique to "[i]dentify the need for additional evidence to determine

5

impairment severity," and "[c]onsider and evaluate functional consequences of the mental disorder(s) relevant to [Plaintiff's] ability to work." 20 C.F.R. §404.1520a(a)(1)-(2).

**IV.     Conclusion:**

Based on the foregoing, the ALJ should, on remand, employ the PRT to determine whether Plaintiff suffered from any medically determinable mental health impairments during the relevant period. The ALJ should return to step two of the sequential evaluation process and determine whether Plaintiff had a severe physical and/or mental impairment or combination of impairments, and then proceed with application of the remaining steps of the sequential evaluation process.

Although neither party raised the issue in their briefs, we also note that the ALJ did not comply with the requirements of *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) in his evaluation of Plaintiff's subjective complaints of pain and limitation when formulating the Plaintiff's RFC. Instead, he supported his RFC determination with medical evidence alone. Accordingly, the ALJ should consider all the evidence relating to Plaintiff's subjective complaints, including the *Polaski* factors, when the ALJ considers Plaintiff's RFC upon remand. The ALJ should also procure the expert testimony of a VE, and present to him or her a hypothetical question including those impairments the ALJ finds are substantially supported by the record as a whole and which are indicated in the ALJ's RFC determination.

Accordingly, having carefully reviewed the record, the undersigned finds that the ALJ's decision is not supported by substantial evidence, and therefore recommends that the denial of benefits to Plaintiff be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of July, 2017.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE